UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVENSON BELL,
        Petitioner,

v.                                                                   Case No. 08-10434
                                                              Honorable Arthur J. Tarnow

THOMAS BELL,
        Respondent.

_____/

## ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY

Petitioner Stevenson Bell filed a *pro se* petition for writ of habeas corpus on January 30, 2008, pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) On August 25, 2008, this Court filed an "Opinion and Order," and entered a "Judgment," denying Petitioner's petition. (Dkt. # # 11 and 12.) Now before the Court is Petitioner's "Request for Certificate of Appealability," concerning the Court's denial of his habeas petition. (Dkt. # # 13 and 14.) For the reasons stated below, the Court will deny Petitioner's request for a certificate of appealability.

### I. Standard of Review

This Court denied Petitioner's habeas claims on their merits. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In

applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

## II. Discussion

Petitioner pleaded no-contest to charges of (1) assault with intent to commit a felony, (2) second-degree criminal sexual conduct, (3) kidnapping, (4) domestic violence–third offense, and, (5) possession of a firearm during the commission of a felony. He was sentenced to (1) nine-to-twenty-years imprisonment for the assault-with-intent-to-commit-a-felony conviction, (2) nine-to-fifteen-years imprisonment for the second-degree-criminal-sexual-conduct conviction, (3) nine-to-twenty-years for the kidnapping conviction, (4) eighteen-to-thirty-six months for the domestic-violence conviction, and, (5) the mandatory two-years imprisonment for the felony-firearm conviction. In his pleadings, Petitioner argued that the criminal-sexual-conduct statute, to which he pleaded, was unconstitutionally vague.

In its Opinion and Order, the Court found that by Petitioner voluntarily pleading guilty or no contest, he was thereby precluded from raising claims alleging a denial of rights,

constitutional or otherwise, prior to his plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A petitioner who pleads guilty generally waives any non-jurisdictional claims that arose before his plea; an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Id.* at 267; *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir.1981) Petitioner did not dispute the knowing, intelligent, or voluntary nature of his plea in his habeas pleadings. Nor did he enter his no-contest plea reserving the right to raise the issue.

Hence, for reasons stated in greater detail in the Opinion and Order, this Court found that the statute to which Petitioner pleaded guilty was not unconstitutionally vague that he had to guess at its meaning and, therefore, the Court found that Petitioner was not entitled to habeas relief. Moreover, based on the Court's review of the plea-hearing transcript, the Court found that Petitioner was aware of all the charges against him and thus advised the trial court of such. (Plea Hr'g Tr. pp. 94-96, May 3, 2001.) Petitioner's declaration carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

On that basis, the Court will deny Petitioner's request for a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that the statute to which Petitioner pleaded guilty was unconstitutionally vague. *See Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D.Mich.2002). Moreover, Petitioner has not made a substantial showing of a denial of a constitutional right relative to the claims presented in his habeas petition. 28 U.S.C. § 2253(c)(2).

## III. Order

**IT IS ORDERED** that Petitioner's "Request For Certificate of Appealability" is **DENIED**. (Dkt. # # 13 and 14.)

S/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Judge

Dated: September 25, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 25, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Secretary